STATE of Minnesota, Respondent,

v.

Gregory NMN GOOD, Appellant.

No. C6–86–95.

Court of Appeals of Minnesota.

Aug. 26, 1986.
Review Denied Oct. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., Beverly M. Conerton, Sp. Asst. Atty. Gen., St. Paul, James J. Weber, Jr., Asst. Anoka Co. Atty., Anoka, for respondent.

Richard Meshbesher, St. Louis Park, for appellant.

Heard, considered, and decided by RANDALL, Presiding Judge, and HUSPENI and LANSING, JJ.

## OPINION

RANDALL, Judge.

Appellant was arrested for unlawfully selling deer meat and game fish to undercover Department of Natural Resources (DNR) agents on seven occasions in 1984. Appellant is a member of the Red Lake Band of Chippewa Indians. He claimed he took the fish and deer inside the reservation's boundaries. On appeal, he claims that his prosecution for the game fish is barred by the Indian Commerce Clause, U.S. Const. Art. I, § 8, cl. 3, and by the Supremacy Clause, U.S. Const. Art. VI, cl. 2. The deer meat is not an issue on appeal.

Prior to trial, appellant moved for dismissal on constitutional grounds claiming the State of Minnesota had no jurisdiction to arrest and charge him. The trial court denied that motion. From that denial and the later adjudication of guilt, and from the sentencing, Good appeals. His appeal is timely under Minn.R.Crim.P. 28.02. We affirm.

## FACTS

On August 22, 1984, the DNR through its TIP (Turn in Poachers) program, received a phone call that appellant was illegally selling fish fillets and deer meat at a Fridley Alcoholics Anonymous Club. The informant had purchased fish and deer from appellant and had observed appellant make other sales over a four or five month period. The DNR received additional information from the Bureau of Indian Affairs (BIA) that appellant was one of two persons identified as selling the largest number of walleye off the Red Lake reservation. The DNR supplied the informant with funds and instructed the informant to purchase additional deer and fish from appellant with the funds. On seven subsequent occasions appellant sold large amounts of deer meat and fish to undercover DNR agents.

The DNR charged appellant with seven counts of unlawfully selling without a license big game and fish in violation of Minn.Stat. §§ 97.40; 97.43; 97.55, subds. 1, 15, 16; and 101.42 subd. 7 (1984). Appellant admits the deer meat and fish came from the Red Lake Reservation. He also admits he did not have a license to sell the meat and fish, and that he knew the sale was illegal. Following the trial, the court made a specific finding that the DNR did not entrap appellant. Appellant's sale of deer meat is not an issue on appeal. This

appeal pertains to the issue of the sale of the fish.

### ISSUE

Does federal law pre-empt enforcement of Minn.Stat. §§ 97.40 to 102.30?

### ANALYSIS

Appellant argues that 25 C.F.R. § 242.2 (1984) as well as the Supremacy Clause and Indian Commerce Clause of the federal constitution pre-empt enforcement of Minn. Stat. §§ 97.40 to 102 against him. Generally Minn.Stat. §§ 97.40 to 102 prohibit commercial selling of fish without a state-granted license. Appellant concedes he had no license, but argues that only the federal government can penalize him for his actions, not the State of Minnesota.

Minnesota claims it has a valid conservation interest in regulating off-reservation commercial sale of fish by Red Lake Indians because a portion of the Upper Red Lake is located off the reservation while the remainder of the Upper Red Lake and all of Lower Red Lake are located on the reservation. Appellant claims 25 C.F.R. § 242.2 pre-empts this state conservation interest.

25 C.F.R. § 242.2 states:

No person shall engage in commercial fishing in the waters of the Red Lakes on the Red Lake Indian Reservation in the State of Minnesota except the Red Lake Fisheries Association, a corporation organized and incorporated under the laws of Minnesota, and its members, and then only in accordance with the regulations in this part. The authority hereby granted to the Association and its members to engage in commercial fishing may, at any time, be canceled and withdrawn and these regulations may be modified and amended.

Minnesota Statutes prohibit commercial sale of fish without a license. Minn.Stat. § 98.45 (1984). Minn.Stat. § 102.30 (1984) states:

The commissioner of natural resources may permit the transportation, sale and disposal of fish taken within the Red Lake Indian Reservation on Upper Red Lake and Lower Red Lake and from waters within the Nett Lake also known as Bois Forte Indian Reservation under such rules, regulations and conditions as the commissioner may prescribe.

Minn.Stat. § 102.30 (1984).

To buttress his argument that § 242.2 pre-empts Minn.Stat. §§ 97.40 to 102.30, appellant cites *People v. McCovey*, 36 Cal.3d 517, 685 P.2d 687, 205 Cal.Rptr. 643 (1984). The *McCovey* facts have some similarity to this·case; McCovey successfully claimed that California law infringed on Indians' constitutionally protected right to fish on the Hooper Valley Reservation. He argued that Department of Interior regulations pre-empted California from prosecuting Hooper Valley Indians for off-reservation sale of reservation-caught fish and that the California law as applied impermissibly discriminated against Indians in violation of U.S. Const., Art. I, § 8, cl. 3.

However, *McCovey* is distinguishable from the present case. Central to the *McCovey* court's reasoning that federal law pre-empted California law was the existence of a comprehensive federal scheme of the Hooper Valley Reservation fishing operation. Federal regulations barred gill-net fishing and the California's identical statute barring gill-net fishing would have served to "disturb and disarrange the federal scheme." *Id.* 36 Cal.3d at 531, 685 P.2d at 695, 205 Cal.Rptr. at 65. The federal regulation permitted some gill-net fishing while California law completely prohibited use of gill nets. The *McCovey* court concluded that the state's interest in conservation did not justify concurrent jurisdiction with the federal government, and that exclusive jurisdiction is vested in the federal government. *Id.* The court concluded that concurrent state regulation of conservation under these circumstances is permissible only (1) when reasonable and necessary and (2) when the regulation does not discriminate against Indians. *Id.*, 36 Cal.3d at 534, 685 P.2d at 696, 205 Cal. Rptr. at 651.

The present case involves a different federal regulation. The federal regulation in question here was specifically drafted for the Red Lake Reservation and involves differing interests than *McCovey*. While the body of water at issue in *McCovey* was wholly contained within the borders of the Hooper Valley reservation, the body of water in this case (Minnesota's Upper and Lower Red Lakes) lies *partly outside* the reservation, giving Minnesota a valid conservation interest.

Concurrent jurisdiction is recognized, not only in Minn.Stat. § 102.30, but also in the *Memorandum of Understanding Between the Minnesota Department of Conservation and the Bureau of Indian Affairs, United States Department of the Interior* (1949), and *Commissioner's Order No. 1303, State of Minnesota Department of Conservation (1951)*.

 The *Memorandum of Understanding* provides that, since part of the Upper Red Lake is not on the reservation, while the remaining part of the Upper Red Lake and all of the Lower Red Lake are on the reservation,

> it is desirable that the fish resources of Red Lakes be managed as a unit, upon the best conservation principles and for the production of the highest possible sustained yield, it is desirable that all agencies having jurisdiction over any part of this water area cooperate closely. To attain this end, a Memorandum of Understanding, based on the following conditions and subject to applicable laws, is entered into by the Minnesota Department of Conservation and the Bureau of Indian Affairs.

*Memorandum*, p. 1. We hold this language supports concurrent jurisdiction over fish caught on the Upper Red Lake and that enforcement of Minnesota's licensing statute does not disrupt the federal regulatory scheme, the express purpose of which is to limit off-reservation commercial sale of reservation-caught fish to the Red Lake Fisheries Association.

In addition to several other provisions, the Memorandum provides that both the State and the BIA will keep records on all fishing operations (for example, weight and size of fish caught, value of the fish caught) and that all changes in fishery procedure, rules or regulations, or utilization of the fish resources by either the Department of Conservation or the BIA which affect the abundance of fish in Red Lake shall be made "after both parties have mutually agreed on such procedures, subject to the legal authority of the Minnesota Department of Conservation respecting protection, propagation, and conservation of fish in said lake and the taking of spawn or fish from that portion of Upper Red Lake outside of the reservation;" as well as several other provisions.

Commissioner's Order 1303 provides that:

> Section 1. Fish lawfully taken by commercial fishing by Indians only in Lower Red Lake and that part of Upper Red Lake lying within the Red Lake Indian Reservation, under the direction of the Bureau of Indian Affairs and in accordance with the written agreement between said bureau and the Commissioner * * * may be sold, transported, and disposed of within the state only as herein provided and not otherwise.

> \* \* \* \* \* \*

> Section 6. Any fish taken within said Indian reservation and sold, transported, or shipped therefrom contrary to any provision of these rules and regulations shall be contraband and shall be subject to seizure and confiscation in like manner as other contraband wild animals.

 However, the Red Lake Fisheries Association, in addition to coming within the *Memoranda* and the federal regulations, is also subject to Minnesota laws. 25 C.F.R. § 242 provides that the Red Lake Fisheries Association is to be incorporated and organized under Minnesota law. It follows that Minnesota also has the authority to license the Association and administer sanctions should the Association or any individual Indian fail to obtain a license. Minn.Stat. § 98.45, subd. 1, provides:

Except as specifically permitted * * * no person may take, buy, sell, transport, or possess any protected wild animals of the state or any aquatic plants without first procuring a license therefore as provided in section 98.46 or in section 98.48.

■ Since this statutory provision applies to the Association and to all individuals catching fish within Minnesota, the law is not discriminatory as applied to appellant.

To find for appellant would require this court to invalidate Minn.Stat. § 102.30:

[T]he commissioner of natural resources may permit the transportation, sale and disposal of fish taken within the Red Lake Indian Reservation on Upper Red Lake and Lower Red Lake and from waters within the Nett Lake also known as Bois Forte Indian Reservation under such rules, regulations and conditions as the commissioner may prescribe.

We find no legal authority justifying a ruling of invalidity.

The Minnesota statute and the C.F.R. are not inconsistent. The C.F.R. prohibits anyone but the Red Lake Fisheries Association from engaging in commercial fishing on the reservation. The Minnesota statute in question prohibits, generally, the *sale* of fish without a license. Concurrent jurisdiction exists. There is no impermissible overlap. Both the State of Minnesota and the federal government share a recognized interest in the total body of water known as Red Lake. The state statute is enforceable as to appellant.

Since we decide this case on the pre-emption issue, we do not address appellant's other claims.

### DECISION

The trial court properly convicted appellant of violating Minn.Stat. §§ 97.40 to 102. These sections are not pre-empted by 25 C.F.R. § 242.2.

Affirmed.